UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY DANIEL, individually and as Personal Representative of the Estate of CLEBERT DANIEL,<br><br>Plaintiff,<br><br>v.<br><br>MARTA NOEMI DANIEL,<br><br>Defendant. | Civil Case No.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Kelly Daniel brings this action individually and as Personal Representative of the estate of her deceased father, Clebert Daniel, against Defendant Marta Noemi Daniel. This complaint seeks equitable relief for the conversion, civil theft and unauthorized use of funds taken from the Estate of Clebert Daniel. This complaint additionally seeks damages for the fraudulent concealment of material financial information relating to the Estate. Finally, this complaint seeks treble damages for the tortious interference with prospective contractual relations.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the claims under 28 U.S.C. § 1332.

3. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391 because the events giving rise to the claims detailed in this action occurred in Massachusetts.

### PARTIES

4. Plaintiff Kelly Daniel is a Personal Representative of the Estate of Clebert Daniel (hereinafter referred to as "Plaintiff" or "Kelly"), with an address of 2851 Hennepin Avenue, Minneapolis, Hennepin County, Minnesota 55408.

5. Defendant Marta Noemi Daniel (hereinafter referred to as "Defendant" or "Marta") is an individual residing at 37 Davis Street, Revere, Suffolk County, Massachusetts 02151.

## FACTS

6. Plaintiff incorporates herein the allegations contained in Paragraphs 1 through 5.

7. Clebert Daniel (the "Decedent") passed away on April 1, 2023, at the age of 62.

8. The Decedent died without a will.

9. At the time of his death, the Decedent had benefits from his employer, Brigham and Women's Hospital ("BWH"), where he had worked for 20 years.

10. On his BWH benefits form, the Decedent listed his two children as his beneficiaries, and he listed Marta as a dependent.

11. Through his employer, the Decedent had a Mass General Brigham Tax-Sheltered Annuity Plan retirement account with Fidelity Investments.

### *Defendant Marta Marries Immediately upon Her Entry to the United States*

12. The Decedent married Defendant on November 30, 2020 at Everett City Hall.

13. Marta married the Decedent 52 days after her entry to the United States from El Salvador.

14. At the time of her entry to the United States, Defendant was a 40-year-old widow of two children from El Salvador.

15. When the Decedent died, Defendant and the Decedent had been married less than two and a half years.

16. In November of 2020, the Decedent and Defendant executed a Prenuptial Agreement (the "Agreement") in English and Spanish.

17. Though the Agreement was signed in November, Defendant was made aware of the Agreement as early as October of 2020.

2

18. The Agreement was drafted in Spanish because Defendant is a Spanish-native speaker with little-to-no comprehension of the English language.

19. The English and Spanish version of the Agreement were notarized by Roland Pierre.

20. In said Agreement, both the Decedent and Defendant waived any claims and rights to each other's property and estates, including but not limited to:

   a. All rights which he or she may at any time have during the life or after the death of the other under the laws of the State of Massachusetts or any other jurisdiction (including those jurisdictions not within the United States of America) by reason of the marriage between them with respect to any property, real, personal or mixed, of whatsoever kind or nature, now owned or hereafter acquired by the other, through gift, inheritance or by any other means;

   b. All rights to share in the property or estate of the other existing on the date hereof or arising at any time hereafter which are based on or arise out of marital status, including, without limitation, rights to "marital property" as defined in Section 953 of Title 19-A of said Revised Statutes of Massachusetts, or in any version of the Uniform Marital Property Act, whether such rights shall arise by reason of intestacy, by operation of law, by contract between either party hereto and third persons or otherwise and whether or not such property or estate or any part thereof shall be subject to the jurisdiction of any court of probate[.]

Prenuptial Agreement, Contributions and Accumulation in Retirement Plans and Accounts.

### *The Decedent's Children Initiate Probate Proceedings*

21. On July 19, 2023, Kelly Daniel and Robenson Daniel, the Decedent's children, were named Personal Representatives of the Estate of Clebert Daniel.

22. Defendant was listed as a member of the Estate.

23. On August 21, 2023, the Decedent's children filed an Equity Complaint with the Middlesex Probate Court pursuant to G.L. 231A requesting the probate court to enforce the prenuptial agreement against Defendant. *Daniel v. Daniel*, No. 23E0049 (Middlesex Prob. Ct. Aug. 21, 2023).

### *Marta Commits Perjury and Withholds Finances from Probate Court*

24. At the conclusion of a status conference on March 14, 2024, Defendant was ordered by the probate court to provide a financial statement listing her assets before a motions hearing scheduled for April 25, 2024.

25. Prior to the scheduled motions hearing, Plaintiff contacted Fidelity and inquired about the status of the Decedent's retirement funds.

26. Plaintiff was informed by Fidelity that there were no longer funds remaining in the account.

27. Fidelity sent a letter stating that "[the Decedent] did not enter a beneficiary designation for the Tax-Sheltered Annuity Plan," and that the Estate was listed as the default beneficiary in 2023.

28. The letter further stated that in the early months of 2024, Defendant submitted a claim for benefits to obtain the Decedent's death benefits.

29. Defendant submitted an affidavit in support of her claim for benefits.

30. In support of her claim, Defendant intentionally withheld from Fidelity that she is a member of the Estate, and has been a part of the Estate since July of 2023.

31. Defendant also withheld from Fidelity that she is and was involved in a lawsuit seeking to enforce a prenuptial agreement that, if upheld, prevents her from obtaining the Decedent's retirement.

32. Based on the information provided by Defendant, Fidelity "determined that Marta Daniel, and not the estate, [was] the default beneficiary of the Tax-Sheltered Annuity Plan."

33. Defendant received $42,377.51 from Fidelity, the full value of the Decedent's Tax-Sheltered Annuity Plan, from Fidelity Investments in March of 2024.

34. In response to the court's March 2024 Order, Defendant provided a statement and

signed under the penalties of perjury that she had an annual income that consisted of her salary totaling $41,063.70, and $6 worth of assets.

35. Defendant withheld her receipt of $42,377.51 from the court and made no indication of a pending receipt of the funds in her sworn financial statement to the probate court, and from the Personal Representatives of the Estate.

36. Kelly brought the receipt of the retirement funds to the probate court's attention and Marta was ordered to submit an amended financial statement.

37. Defendant submitted a financial statement and attached her personal bank account statement from Citizen's Bank as proof of the funds received from Fidelity.

38. Of the $42,377.51 that Marta received from Fidelity, as of July 16, 2024, Defendant has less than $27,138.10 remaining of the retirement funds.

39. The probate court matter is still pending and the court has yet to conclude on the validity of the prenuptial agreement.

## CAUSES OF ACTION

### COUNT I. CONVERSION

40. Plaintiff incorporates herein the allegations contained in Paragraphs 1 through 39.

41. Defendant, by her own conduct, has stolen and wrongfully converted the Decedent's retirement funds for her own use.

42. Plaintiff had a right to said retirement funds and was deprived of her interest in the funds by Defendant's unauthorized act.

43. Plaintiff has suffered damages due to the conversion.

44. A demand for the return of the same to the Estate would be futile as a sizeable portion, if not all, has been spent, and the Defendant's annual income does not enable her to repay the monies taken from the Estate.

## COUNT II. FRAUDULENT CONCEALMENT

45. Plaintiff incorporates herein the allegations contained in Paragraphs 1 through 44.

46. Defendant had a duty to disclose material financial information to the Plaintiff, who is a Personal Representative of the Estate.

47. Defendant intentionally concealed material information that was otherwise unknown to the Plaintiff and intended to deceive the Plaintiff by concealing this information.

48. Plaintiff acted in justifiable reliance on the Defendant's concealment in court and suffered damages due to its reliance.

## COUNT III. TORTIOUS INTERFERENCE WITH ADVANTAGEOUS CONTRACTUAL RELATIONS

49. Plaintiff incorporates herein the allegations contained in Paragraphs 1 through 48.

50. The Defendant intentionally and willfully made false and misleading statements in her affidavit in an attempt to disrupt the relationship between Fidelity Investments and the Estate of Clebert Daniel.

51. Prior to the Defendant's tortious interference, there was a reasonable probability that Plaintiff and Fidelity Investments would have entered into a contractual relationship.

52. Defendant's actions were taken for the unlawful purpose of causing damage and loss in connection with future contracts between Fidelity Investments and the Estate.

53. Defendant's fraudulent actions wrongfully prevented the relationship from developing.

54. Defendant intended to prevent the relationship from developing.

55. Plaintiff has been harmed and sustained substantial damages due to the Defendant's intentional interference with its business relationship with Fidelity Investments

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kelly Daniel, Personal Representative of the Estate of Clebert Daniel, respectfully requests that this Honorable Court grant the following:

a) Enterer Judgment in Plaintiff's favor and against Defendant on all Counts of the Complaint;

b) Award Plaintiff treble damages sustained as a result of Defendant's conduct pursuant to Counts I-III, totaling $127,132.53, with said interest accruing until the Judgment is satisfied in full;

c) Award Plaintiff reasonable attorney's fees, costs, and pre-and post-judgment interest; and

d) Order such other and further relief as this Honorable Court may deem fair and just.

**Plaintiff demands trial by jury on Claims I-III.**

Dated: October 11, 2024

Respectfully submitted,
Shea & LaRocque, LLP

Mark W. Shea, Esq. (BBO #558319)
Shea & LaRocque, LLP
88 Broad Street
Boston, MA 02110
(617) 283-3631
markwshea@gmail.com

Dated: October 11, 2024

Kelly Daniel, Personal Representative
of the Estate of Clebert Daniel,

/s/ Kelly Daniel
Kelly Daniel, Esq. (Pro hac vice pending)
2851 Hennepin Avenue
Minneapolis, MN 55408
(859) 608-9533
kellydaniel.2023@gmail.com

*Attorneys for the Plaintiff*